UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Alton G. Smith,**
    **Plaintiff,**

    **vs.**                          08-2027

**Mike Kinkake, et al.,**
    **Defendants**

### MEMORANDUM OPINION AND ORDER

  The plaintiff brings a lawsuit purportedly pursuant to 42 U. S. C. Section 1983. He names as defendants Mike Kinkake, Kankakee City Police Chief; Larry Regnier, Kankakee City Deputy Police Chief; John Doe, employee with Records Bureau, City of Kankakee; and Christopher W. Bohlen, identified by plaintiff as Kankakee City Police Freedom of Information Act Officer/City Attorney .

### Standard

  The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

  Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

  The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty*

---

[1]Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

*Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Allegations

On November 17, 2006, Plaintiff made a request, pursuant to the Illinois Freedom of Information Act to the Kankakee City Police Records Bureau for an entire copy of Kankakee City Police Department Case #00403471. The defendant Bohlen notified Plaintiff that the cost for a copy of the file would be $24.50 for 98 documents. On August 10, 2007, Plaintiff submitted the $25.00. On or about August 30, 2007 defendant Doe mailed 55 documents to the plaintiff, without explanation for not sending the remaining 43 documents. Bohlen or Doe did not inform the plaintiff of his right to appeal the denial/withholding of the 43 documents. Plaintiff, however did file an appeal to defendant Kinkade and sent copies of his appeal to defendants Regnier and Bohlen. On October 12, 2007, plaintiff received from the Kankakee City Police Department a check refunding him $11.25 copy fees for the 43 copies that were not provided to him. On Nov. 7, 2007, plaintiff filed a supplemental appeal to his initial appeal to Kinkade and sent copies to Regnier and Bohlen. No one responded. On Nov. 5, 2007, the plaintiff filed a complaint with and sought the assistance of the Office of the Illinois Attorney General. On November 26, 2007, Illinois Attorney General, Lisa Madigan notified Bohlen by written letter regarding the plaintiff's complaint. The letter set forth in detail the deficiencies of Bohlen's response and subsequent failures to respond. Madigan requested that Bohlen respond in writing to plaintiff's request for the 43 pages, in accordance with Illinois Freedom of Information Act or alternately, to respond to the Illinois Attorney General in writing with a written explanation of Defendant's position regarding plaintiff's request within 7 business days of receipt of the letter. Bohlen failed to respond to or comply with the Ilinois Attorney General's letter.

## Conclusion

"A violation of a state statute is not a *per se* violation of the federal Constitution. The federal government is not the enforcer of state law." *Pasiewica v. Lake County Forest Preserve District*, — F.3d — (7th Cir. 2001), *citing Kraushaar v. Flanigan*, 45 F.3d 1040, 1048 (7th Cr. 1995); *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988). This court finds that 5 ILCS 140/11(d) provides that the circuit court shall have the jurisdiction to enjoin the public body from withholding public records and to order the production of any public records

improperly withheld from the person seeking access.  The plaintiff's claim is a matter of state law.  He must file his lawsuit in the Illinois circuit court.  No basis for federal jurisdiction exists.  Therefore, the plaintiff's lawsuit is dismissed for lack of jurisdiction.

It is therefore ordered:

1. The plaintiff's complaint is dismissed, without prejudice, in its entirety pursuant to 5 ILCS 140/11(d).   As there is no basis for federal jurisdiction, the plaintiff's lawsuit is dismissed. See 28 U.S. C. §1331.

Enter this 25th day of February 2008.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge